UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GENO T.,[1]

                                       Plaintiff,        Case # 23-CV-6436-FPG

v.                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.

## INTRODUCTION

Plaintiff Geno T. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 4, 9. For the reasons that follow, Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED.

## BACKGROUND

In December 2019, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 143. He alleged disability since December 2018. Tr. 144. In December 2021, Administrative Law Judge Bryan Henry ("the ALJ") issued a decision finding that Plaintiff is not

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

disabled. Tr. 16-28. In June 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December

2019, his application date. Tr. 18. At Step Two, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, status post fractures of the bilateral legs, and antisocial personality disorder. *Id.* At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 19. Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work. Tr. 21. At Step Four, the ALJ found that Plaintiff had no past relevant work. Tr. 26. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 26-27. The ALJ therefore found that Plaintiff is not disabled. Tr. 27.

II.  **Analysis**

Plaintiff argues, *inter alia*, that remand is warranted due to the manner in which the ALJ crafted the mental RFC. ECF No. 4-1 at 1, 8-13. The Court agrees.

The ALJ crafted a highly granular mental RFC: he concluded that Plaintiff could only perform simple, routine, repetitive tasks; could have occasional contact with the public, co-workers, and supervisors; could maintain concentration, persistence, and pace for two-hour segments; and could deal with routine changes in work setting occasionally during the workday. Tr. 21. The ALJ reached these conclusions without the benefit of any medical opinion. The ALJ rejected the opinions of the state agency medical consultants because they identified no severe mental impairment, whereas the ALJ believed that Plaintiff's antisocial personality disorder was severe and functionally limiting. Tr. 25; *see also* Tr. 147-48 (opinion of L. Blackwell, Ph.D.); Tr. 174-75 (opinion of Maryann Wharry, Psy.D.). He criticized those opinions because they did not adequately take into account Plaintiff's "consistent" subjective complaints about his mental limitations and conflicted with Plaintiff's "treatment history." Tr. 25. Yet the ALJ also rejected

the more restrictive opinion of consultative examiner Adam Brownfeld, Ph.D., *see* Tr. 769-72, who opined, among other things, that Plaintiff was markedly limited in making appropriate decisions and required supervision. Tr. 771. Oddly, Plaintiff discounted Dr. Brownfeld's opinion in part because it was reliant on Plaintiff's subjective complaints and conflicted with Plaintiff's treatment history, which revealed no "regular mental health treatment" during the relevant period and no "significant abnormalities during routine [medical] visits." Tr. 26.

Simply put, the Court is unable to discern how the ALJ arrived at the mental RFC based on the rationales he articulated in his decision. It is well-settled that an ALJ's reasoning "must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ cherry-picked the evidence to justify a pre-ordained conclusion, which constitutes error. *See Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("Reviewing courts decry administrative 'cherry picking' of relevant evidence."); *see also, e.g.*, *Vogelsang v. Comm'r of Soc. Sec.*, 657 F. Supp. 3d 450, 465 (S.D.N.Y. 2023) (remand warranted due to ALJ's "internally inconsistent" decision, where the ALJ rejected limitation identified by two medical sources while also later claiming their opinions were "persuasive"); *Shawn B. v. Comm'r of Soc. Sec.*, No. 20-CV-528, 2021 WL 3884226, at *4-5 (W.D.N.Y. Aug. 31, 2021) (inconsistencies between the ALJ's step 3 findings and RFC mandated remand).

Here, the ALJ offered internally inconsistent rationales for his evaluation of the medical-opinion evidence, and little articulated basis for the highly specific mental RFC he crafted. The

5

ALJ viewed the absence of "any regular [mental health] treatment" as reason to reject Dr. Brownfeld's opinion, but also considered Plaintiff's "treatment history" as reason to reject the opinions of the state agency medical consultants and include a variety of mental limitations in the RFC. Tr. 25-26. He believed Plaintiff's "consistent" testimony and subjective complaints warranted significant "mental limitations," yet criticized Dr. Brownfeld for relying on Plaintiff's "subjective complaints." Tr. 25-26; *see also* Tr. 20-21. And the ALJ rejected Dr. Brownfeld's opinion in part because it was premised on clinical findings from a one-time examination conducted in 2016—years before the relevant period—but proceeded to rely on those years-old findings to justify the RFC. *See* Tr. 25-26.

As a result of these internal inconsistencies, the Court cannot obtain a coherent picture of how the ALJ evaluated the relevant evidence and medical opinions, or how the ALJ relied on that evaluation to craft the mental RFC. Unable to "discern the ALJ's reasoning or reconcile his [] findings," *Shawn B.*, 2021 WL 3884226, at *5 (internal brackets omitted), the Court concludes that remand is warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) is GRANTED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 24, 2024
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        United States District Judge
                                        Western District of New York